# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN HICKS, ) | CASE NO. 5:11cv76 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| CITY OF BARBERTON, et al, ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

*Pro se* Plaintiff Kevin Hicks filed this action under 42 U.S.C. §§ 1983, 1985, and 1986 against the City of Barberton, the Barberton Police Department, Barberton Police Chief Vincent Morber, Barberton Police Officer Martin Eberhart, Barberton Police Officer Brian Davis, Barberton Police Officer Stacy Colgan, Canine "Officer Art," City of Barberton Emergency Fire and Medical Service ("EMS"), John/Jane Doe EMS responders[1], and John/Jane Doe Barberton Police Officers. In the Complaint, Plaintiff asserts multiple causes of action associated with his arrest and prosecution on charges of resisting arrest and probation violations. He seeks monetary damages.

## I. Background

Mr. Hicks has been arrested by Barberton Police and prosecuted in the Summit County Court of Common Pleas prior to the incident giving rise to this action. In 2006, Mr. Hicks and another man were arrested by Barberton Police Officers Eberhart and

---

[1] Mr. Hicks amended his complaint on March 9, 2011 to include the individual EMS responders. (ECF #8).

Hudak as a result of a traffic stop. *See Hicks v. City of Barberton*, No. 5:08 CV 1579 (N.D. Ohio Sept. 18, 2008). Mr. Hicks was charged with trafficking in marijuana, possession of marijuana, illegal use or possession of drug paraphernalia, and improper registration on July 13, 2006. *Id.*; *see State of Ohio v. Hicks*, No. 2006-07-2407B (Summit Cty Ct. Comm. Pl. filed July 13, 2006). Mr. Hicks was acquitted by the court at the conclusion of the state's case on the charge of illegal use or possession of drug paraphernalia. *Id.* The remaining charges were submitted to the jury, who returned a verdict of guilty on the charge of possession of marijuana and improper registration on November 3, 2006. The jury could not agree on a verdict on count one, trafficking in marijuana, for which the court declared a mistrial. Mr. Hicks was sentenced on November 14, 2006 to thirty days incarceration in the Summit County Jail. The sentence was suspended and Mr. Hicks was placed on one year of probation. *Id.* He was re-tried on the charge of trafficking in marijuana on May 24, 2007. The following day, the jury returned a verdict of "not guilty."

Mr. Hicks was charged with violating the terms of his probation in February 2008. He pled "guilty" to the violation on May 19, 2008 and was sentenced to a term of community control to be served in Oriana House. He was charged with violating the terms of his probation a second time in October 2008. A capias for Mr. Hicks's arrest was issued in November of that year.

The claims in this case center on Mr. Hicks's apprehension on that capias by Barberton police on the night of January 16, 2009. Officers Colgar and Eberhart observed Mr. Hicks as he turned his white SUV into a driveway at 303 Edwards Street. The officers recognized Mr. Hicks and knew there was an active warrant for his arrest. They pulled their

police cruiser into the driveway behind the SUV. Mr. Hicks got out of his vehicle, saw the officers and ran. The officers pursued him on foot, and ordered him to stop, but he managed to evade them. The Officers then called in the K-9 Unit, consisting of Canine "Officer Art," and his handler, Officer Davis. The dog located tracks Mr. Hicks left in the snow, and followed them to the spot where Mr. Hicks was hiding. The dog latched on to Mr. Hicks's thigh and he began to struggled with the dog. The dog was called off and Mr. Hicks was taken into custody. In addition to the probation violation, he was charged with resisting arrest.

After his arrest, Mr. Hicks was transported to the Barberton police station and Barberton EMS was called. The responding paramedics noted fifteen puncture wounds on his left thigh ranging from one half centimeter to an inch in length with minor bleeding. (Compl. at 61.) The officers and paramedics noted a strong odor of marijuana emanating from Mr. Hicks. The EMS report indicates the wounds were dressed and the Barberton Police transported Mr. Hicks to the hospital. He claims the EMS workers refused to transport him. He received multiple stitches and antibiotics. He was then returned to the jail.

Mr. Hicks was arraigned on January 20, 2009. He pled guilty to the probation violation on February 2, 2009. His probation was revoked and he was sentenced to thirty days in jail. He was convicted on the charge of resisting arrest on March 10, 2009.

Mr. Hicks asserts multiple causes of action. Many of these overlap or repeat claims previously asserted and most also challenge his 2006 conviction. The Court finds six distinct claims in the Complaint. First, Mr. Hicks asserts claims of civil conspiracy under

both 42 U.S.C. § 1983, and 42 U.S.C. §§1985 and 1986. Second, Mr. Hicks challenges his 2009 arrest under the Fourth Amendment. He challenges both the fact of the arrest, and the reasonableness in the way it was carried out. The first part of this assertion consists of claims for false arrest and sham legal process, and a challenge to the basis for the subsequent charge of resisting arrest. The latter assertion takes the form of a claim for use of excessive force against Officers Eberhart, Davis, and Canine Officer "Art." His state law tort claims of assault, battery, and gross negligence also mimic his excessive force claim. Third, he brings a claim of malicious prosecution. Fourth, he contends he was denied medical care under the Eighth and Fourteenth Amendments. His fifth claim asserts he is the victim of racial discrimination. Finally, Mr. Hicks asserts his sixth claim against the City of Barberton for the actions of the officers. Mr Hicks seeks compensatory and punitive damages.

## II. Standard for Dismissal

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

### III. Law and Analysis

### A. <u>Parties</u>

As an initial matter, several of the Defendants are not proper parties to this action. The Barberton Police Department and the Barberton Fire Department Emergency Medical Service are not entities capable of being sued. Administrative units of a local government, such as a municipal police departments and fire departments, are not sui juris because they lack the power to sue, and cannot be sued absent positive statutory authority. *Elkins v. Summit County, Ohio*, No. 5:06-CV-3004, 2008 WL 622038, *6 (N.D.Ohio March 5,2008); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D.Ohio 2000). These Departments are merely sub-units of the municipalities they serve. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). The claims against the Barberton Police Department and the Barberton Fire Department Emergency Medical Service therefore are construed against the City of Barberton.

Furthermore, there are no allegations in the Complaint against Police Chief, Vincent Morber. A Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no allegations or claims against this Defendant.

It is possible Mr. Hicks named the Police Chief as a Defendant in an attempt

to hold him liable for the actions of the officers he supervises. *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Supervisors are not liable if the claims against them are based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Moreover, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874). Absent factual allegations against Mr. Morber to suggest he was personally involved in the conduct upon which this action is premised, the claims against him must be dismissed.

Finally, Mr. Hicks cannot bring a civil rights action against the police dog. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must assert that "a person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*emphasis added*). A dog is not a "person" for purposes of § 1983 litigation. *Price v. New Orleans Police Dept.*, No. 09-3241, 2011 WL 1542831, *1 (E.D.La. Mar. 18, 2011); *See* 1. U.S.C. § 1 (defining the word 'person' to include "corporations, companies,

associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001)(plaintiff alleging excessive force at arrest cannot sue police dog as dog is not a proper defendant in § 1983 litigation); *Banks v. Hall*, 2010 WL 572879, at * 5 (D.N.H. Feb. 5, 2010); *Smith v. P.O. Canine Dogs Chas*, 2004 WL 2202564, at * 6–7 (S.D.N.Y. Sept. 28, 2005)(police dog is not a person under § 1983); *Fitzgerald v. McKenna*, 1996, WL 715531 at * 7 (S.D.N.Y. Dec. 11, 1996)(denying attempt to maintain § 1983 action against police dog because "animals lack capacity to be sued").

### B. Statute of Limitations

Throughout the pleading, Mr. Hicks challenges his 2006 conviction. It is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim based on that conviction expired before Mr. Hicks filed this action. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Mr. Hicks was arrested in July 2006 and was convicted later that same year in November. This action was filed in 2011, well beyond the expiration of the 2 year statute of limitations period. There would be no purpose in allowing challenges to his 2006 arrest and conviction to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua*

*sponte* dismissal is appropriate where claim is barred by statute of limitations). Although Mr. Hicks attempts to tie his challenges to his 2006 conviction into this case, this Court will not entertain any allegations or claims pertaining to that conviction.

### C. Conspiracy

In his first claim, Mr. Hicks asserts two causes of action for conspiracy. The first conspiracy claim is stated under 42 U.S.C. § 1983. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985), Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. It must be shown, however, that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act that caused injury to the complainant was committed in furtherance of the conspiracy. *Id* at 943-44. Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Vague and conclusory allegations unsupported by material facts are not sufficient to state such a claim under § 1983. *Id.*

Mr. Hicks asserts that all of the Defendants engaged in a conspiracy to bring charges of resisting arrest against him. There are no factual allegations in the Complaint to explain this conspiracy or how it was allegedly executed. The claim is stated entirely as a legal conclusion, which is not sufficient to state a cause of action for conspiracy. *Id.*; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)(stating that legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences).

The second conspiracy claim is stated under 42 U.S.C. §§ 1985 and 1986.

While a conspiracy claim under § 1985 is similar to one asserted under § 1983, the plaintiff must also demonstrate that the conspiracy was developed with the purpose of depriving, directly or indirectly, a person or class of persons of equal protection of the laws. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). Like a conspiracy claim under § 1983, an adequate claim under § 1985 must be premised upon more than mere conclusions and opinions. *Morgan,* 829 F.2d at 12. A Plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Mr. Hicks failed to establish the existence of a racially motivated conspiracy. He makes only conclusory allegations that the Defendants acted in concert and has failed to present any factual allegations suggesting the existence of an actual agreement between two or more persons to discriminate against African Americans. His conspiracy claim under § 1985 is also dismissed. *Morgan,* 829 F.2d at 12.

Because Mr. Hicks failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

### D. Fourth Amendment

Mr. Hicks challenges both the basis for his arrest, and the reasonableness of the manner in which it was executed. The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Mr. Hicks claims his arrest was an unlawful at its inception, that the charge of resisting arrest was false, and that Officers Eberhart, and Davis used excessive force to arrest him.

#### 1. Unlawful Arrest

Mr. Hicks asserts claims for false arrest and for sham legal process. He also claims the charge of resisting arrest was without merit. A false arrest refers to the unlawful deprivation of liberty by an authority with arrest powers. *Faulkner v. Faulkner*, 2000 WL 5910, at *1 (Ohio App. 6 Dist. Jan. 7, 2000). A "sham legal process" requires an instrument that: a) is not lawfully issued; b) purports to require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property; and c) is designed to make another person believe that it is lawfully issued. OHIO REV. CODE §2921.52. Although both of these claims arise under Ohio tort law, they raise issues which could be liberally construed as claims under the Fourth Amendment.

Officers Eberhart and Cogan were originally at Mr. Hicks's house to arrest him on an outstanding warrant for a probation violation. He does not challenge the validity of that warrant. Instead, he attacks the 2006 conviction for which he received the probation.

As stated above, the two year statute of limitations period for raising claims pertaining to that conviction has expired. *See LRL Properties*, 55 F. 3d at 1105.

Moreover, even if the statute of limitations period had not expired, Mr. Hicks would not be able to challenge his 2006 conviction in this civil rights action. A person may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Mr. Hicks challenges the evidence used against him in 2006. If found to have merit, these claims would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim would not be permitted to proceed in a § 1983 action.

For this same reason, Mr. Hicks cannot challenge the validity of his conviction on the charge of resisting arrest. Although he denies that he was under arrest at the time he fled from Officers and alleges he did not resist either the officers or the canine, he was convicted on the charge. His allegations in this case would call that conviction into question, and unless that conviction is overturned or declared invalid, he cannot raise those claims in this civil rights action.

## 2. Excessive Force

Mr. Hicks also asserts Officers Eberhart and Davis used excessive force to effect his arrest. He contends he was only wanted for a probation violation on a misdemeanor and Officer Eberhart's call for the canine unit as back-up when he fled to

evade arrest was an excessive use of force. He also claims Officer Davis should not have released Canine Officer "Art" and should have called the dog off more quickly when he latched onto Mr. Hicks's leg. He alleges he was not resisting arrest or struggling with the dog.

Although he cannot challenge the basis for his conviction on charges of resisting arrest, Mr. Hicks can present allegations that the officers exceeded the amount of force necessary to secure his arrest under the circumstances. The right to be free from excessive force in the course of an arrest is clearly established under the Fourth Amendment. *See e.g.*, *Kain v. Nesbitt*, 156 F.3d 669, 673 (6th Cir.1998), *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993), and *Holt v. Artis*, 843 F.2d 242, 246 (6th Cir.1988). Even if the arrest itself is justified, the use of excessive force can make the seizure unreasonable. *See Kain*, 156 F.3d at 673. "Every push and shove an officer makes during the arrest" however, will not subject the officer to liability. *Collins v. Nagle*, 892 F.2d 489, 496 (6th Cir.1989) (quoting *Lester v. City of Chicago*, 830 F.2d 706, 712 (7th Cir.1987)). Whether a police officer has used excessive force in effecting an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the existing facts and circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Circumstances to be considered include the severity of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest. *See id.* at 396. These factors must be considered from the perspective of a reasonable officer on the scene, who is often forced to make quick judgments under rapidly evolving and tense circumstances. *Graham v. Connor*, 490 U.S.

386, 397 1989). On the face of the pleading, Mr. Hicks's claims against Officers Eberhart and Davis present plausible claims for relief that comply with minimal pleading standards of Federal Civil Rule 8.

### E. Malicious Prosecution

Mr. Hicks' third distinct cause of action asserts a claim for malicious prosecution. The Sixth Circuit recognizes a separate constitutional claim of malicious prosecution under the Fourth Amendment, which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir.2006). To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove four elements. First, Mr. Hicks must show that a criminal prosecution was initiated against him and that the Defendants "ma[d]e, influence [d], or participate[d] in the decision to prosecute." *Sykes v. Anderson,* 625 F.3d 294, 308-310 (6th Cir. 2010); *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir.2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir.2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir.2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir.2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, Mr. Hicks must show that there was a lack of probable cause for the criminal prosecution. *Sykes,* 625 F.3d at 308-310. Third, he must show that, "as a consequence of a legal proceeding," he suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Id.* Fourth, the criminal proceeding must have been resolved in Mr. Hicks's favor. *Id.*

The Court does not need to address the first three elements, because Mr.

Hicks cannot demonstrate that the criminal proceedings were resolved in his favor. He pled guilty to the probation violation and was found guilty of resisting arrest. His claim of malicious prosecution is dismissed.

### F. <u>Deliberate Indifference to Medical Needs</u>

Mr. Hicks next asserts that the EMS workers and arresting officers were deliberately indifferent to his serious medical needs. "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not

suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although Mr. Hick's injuries could be described as a serious medical need, he does not allege he was denied medical care. Indeed, once Mr. Hicks was apprehended and secured, EMS was called. They responded, and dressed his wounds. Their report indicates the EMS workers and police decided that the police would transport him to the hospital emergency room. While Mr. Hicks objects to this decision, and characterizes it as a refusal by EMS to take him to the hospital, it does not show deliberate indifference. Mr. Hicks walked into the police station and the emergency room. There are no allegations in the Complaint suggesting he required transportation by ambulance. He was treated by emergency room staff that same evening and released into police custody. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; In sum, the Eighth Amendment affords protection against conditions of confinement which constitute serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff may have been

more comfortable riding in an ambulance as opposed to a police car, but this is not the type of deprivation which triggers this constitutional scrutiny.

### G. Discrimination

Mr. Hicks asserts general claims of discrimination. He states he is African American, and the Officers and EMS workers are either Caucasian or of other ethnicity. He claims he has been the victim of discrimination. As an initial matter, there are no facts in the Complaint to explain or support this claim. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* Mr. Hick's discrimination claim is stated entirely as a legal conclusion and does not meet the pleading standards of Rule 8.

Even if the Court were to liberally construe the assertion as an attempt to state a claim for the denial of equal protection, he has not set forth a valid claim. In making an equal protection challenge, Mr. Hicks bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne,Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing*, 457 U.S. 957, 967 (1982). Mr. Hicks alleges he is African American, but he does not allege he is treated differently from other in these same situations.

### H.  Respondeat Superior

Finally, Mr. Hicks contends the City of Barberton is responsible for the actions of its Officers and EMS workers. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Mr. Hicks must "identify the policy, connect the policy to the City itself and show that the particular injury was incurred because of the execution of that policy." *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir.2004). Mr. Hicks does not identify a particularly policy, but rather simply repeats the elements of a cause of action against the City to state the officers acted pursuant to a policy. These kinds of allegations are not sufficient to state a claim against the City of Barberton.

### IV.  Conclusion

For all the foregoing reasons, Plaintiff's claims for conspiracy under 42 U.S.C. §§1983, and 1985, false arrest, sham legal process challenges to his conviction for resisting arrest, malicious prosecution, deliberate indifference to serious medical needs, and discrimination are dismissed. The City of Barberton, the Barberton Police Department,

Barberton Police Chief Vincent Morber, Barberton Police Officer Stacy Colgan, Canine "Officer Art," City of Barberton Emergency Fire and Medical Service ("EMS"), John/Jane Doe EMS responders[2], and John/Jane Doe Barberton Police Officers are dismissed as Defendants. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This action shall proceed solely on Plaintiff's claims against Barberton Police Officers Martin Eberhart and Brian Davis for use of excessive force.

       **IT IS SO ORDERED**.

Dated: July 22, 2011

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**

---

[2] Mr. Hicks amended his complaint on March 9, 2011 to include the individual EMS responders.  (ECF #8).

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.