UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN L. HICKS,** | ) | CASE NO. 5:11CV76 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| **CITY OF BARBERTON, et al.,** | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on a motion by *pro se* plaintiff Kevin L. Hicks ("plaintiff" or "Hicks") seeking relief from a judgment pursuant to Fed. R. Civ. P. 60 (a), (b), and (d). (Doc. No. 30.) Defendants Martin Eberhart ("Eberhart") and Brian Davis ("Davis") (collectively as "defendants") filed a response in opposition to the motion. (Doc. Nos. 31, 32.) The matter is fully briefed and ripe for decision. For the reasons that follow, the motion is **DENIED**.

I.   BACKGROUND

On January 12, 2011, Hicks filed this action under 42 U.S.C. §§ 1983, 1985, and 1986 against City of Barberton, Ohio police officers Eberhart and Davis, seven other named defendants, and several John/Jane Does, alleging violations of his Fourth, Eighth and Fourteenth Amendment rights, as well as several state law tort claims. (Doc. No. 1.) On July 22, 2011, the Court *sua sponte* dismissed all of Hicks's claims except for his excessive force claim against officers Eberhart and Davis. (Doc. No. 9.)

On September 6, 2011, the Court conducted the Case Management Conference. At the conference, Hicks confirmed that he intended to represent himself in these proceedings, that he understood that *pro se* litigants are bound by the Court's rules and that his compliance with those rules was expected. (*See* 9/6/2011 Minutes Entry.) That same day the Court issued a case management plan and trial order, including deadlines of October 31, 2011 to amend pleadings, January 17, 2012 for filing dispositive motions, and February 14, 2012 for filing opposition to dispositive motions. (Doc. No. 13.)

On October 28, 2012, plaintiff filed a motion for leave to amend his complaint to include additional factual allegations and parties "discovered" by plaintiff upon receipt of defendants' initial disclosures. (Doc. No. 15.) Defendants opposed the motion, arguing that the proposed amended complaint was virtually identical to the original complaint, that it included several claims and parties the Court had previously dismissed, and that Hicks's new claims would not survive a motion to dismiss. (Doc. No. 16.)

On December 14, 2011, the Court conducted a status conference at which plaintiff acknowledged that he had not responded to some of defendants' discovery requests. Subsequent to the status conference, defendants filed a motion for an extension of time in which to file a motion to compel. (Doc. No. 18.) On December 23, 2011, the Court referred the discovery dispute to the assigned magistrate judge, who granted defendants' motion for an extension the same day. Defendants then filed their motion to compel (Doc. No. 20), which was later withdrawn on February 6, 2012 (Doc. No. 25), following a telephonic hearing conducted by the magistrate judge which resolved the parties' discovery dispute through a joint stipulation. (Doc. No. 26.)

On January 17, 2012, defendants moved for summary judgment. (Doc. No. 22.) Plaintiff did not file a response to defendants' summary judgment motion. On March 8, 2012, the Court granted summary judgment to defendants, concluding that Hicks's excessive force claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 28.) Further, the Court simultaneously denied as moot plaintiff's motion to amend the complaint. (*Id*.)

## II.   DISCUSSION

### A.  Rule 60(a)

Rule 60(a) authorizes a court, at any time on its own initiative or on the motion of any party, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule does not authorize a court "to revisit its legal analysis or otherwise correct an error of substantive judgment." *In re Walter,* 282 F.3d 434, 440 (6th Cir. 2002) (internal quotation marks omitted). Hicks rightly points out two typographical mistakes. The first at page 2 of the Court's Memorandum Opinion and Order (Doc. No. 28) indicating the date of Hicks's arrest as January 6, 2009, which should have read January 16, 2009, and the second in the case number in the caption of the Court's Judgment Entry that identified the case number as 5:10CV76, instead of 5:11CV76.

Hicks also asserts that the Court's Memorandum of Opinion and Order should have specified whether the order was a final appealable order and should have advised him of the time limits in which to file an appeal. The Court, however, is aware of no case law or rule imposing a duty upon a district court to advise *pro se* litigants in civil cases of the applicable appellate procedures. Indeed, "[t]he district court has no obligation to act as an advocate for a

3

*pro se* civil litigant." *Garcia v. Furlong*, 81 F.3d 172 (Table), 1996 WL 128130, at *1 (10th Cir. Mar. 22, 1996) (citing *Northington v. Jackson,* 973 F.2d 1518, 1521 (10th Cir. 1992)); *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se* […] are not entitled to special treatment[.]"); *see also*, *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988) (*pro se* defendants not entitled to special treatment when responding to summary judgment motion; "[w]hen a person . . . chooses to represent himself, he should expect no special treatment which prefers him over others who are represented by attorneys."). "[A]n appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). As noted above, this Court previously confirmed that Hicks understood that, as a *pro se* litigant, he was bound by the Court's rules and that his compliance with those rules was expected. Accordingly, plaintiff's argument lacks merit and is not well taken.

### B. Rule 60(b)

A Rule 60(b) motion for relief from a judgment or order is granted only for six reasons explicitly set forth in the rule: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." "Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule." *Jinks v.*

*AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993)). In this case, Hicks seeks relief under Rule 60(b)(1), (2) and (3), but Hicks has not demonstrated any error that ought to be remedied by the operation of Rule 60(b).

First, Hicks contends that his failure to file a response in opposition to defendants' motion for summary judgment was because he was still awaiting a decision on his motion for leave to amend the complaint, which was filed before the motion for summary judgment. (Doc. No. 30 at 773.) He admits, however, that he "has reviewed this courts (sic) order and after careful review . . . acknowledges that it was a **mistake, surprise and inadvertence**" on his part "to not file an Opposition Summary Judgment motion." (Doc. No. 30 at 772) (bold in original).

This Court's case management plan and trial order clearly stated the deadline for opposing dispositive motions. Further, the Court made clear to Hicks at the case management conference that his compliance with the Court's orders and rules was expected. Plaintiff never sought an extension of those deadlines, nor did he seek any clarification about the Court's expectations. "The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.,* 751 F.2d 171, 175 (6th Cir.1984) (internal quotation marks omitted); *see also Cacevic v. City of Hazel Park,* 226 F.3d 483, 490-91 (6th Cir. 2000) (applying *Kendall*).

The record reflects that defendants timely filed their motion for summary judgment and served plaintiff with a copy of the motion. Thus, Hicks was "put on notice that some action was expected" of him. *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007) (citation omitted). "That [this Court] would rule on a timely motion nearly two months after filing should come as no surprise[]" to him. *Id.*

5

Nor can Hicks claim inadvertence. It appears that Hicks made an intentional decision to let the summary judgment response period lapse while hoping for a favorable ruling on his motion to amend, but such a strategic decision does not warrant relief from summary judgment under Rule 60(b)(1). *See Weese v. Wyndham Vacation Resorts, Inc.*, No. 3:07-CV-433, 2009 WL 4893285, at *4 (E.D. Tenn. Dec. 10, 2009) ("'Excusable neglect' under Rule 60(b)(1) does not encompass the sort of 'tactical decision[s] not to file responsive papers' that were made in this case.") (quoting Long *v. Carberry,* 151 F.R.D. 240, 243 (S.D.N.Y. 1993)). *Broach*, 244 F. App'x at 734 ("Parties cannot employ Rule 60(b) 'as a substitute for an appeal . . . or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.'") (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989) (internal citations omitted)).

Next, Hicks asserts that the Court should have ruled on his motion to amend prior to granting summary judgment to defendants. Although this argument is not without merit,[1] upon reconsideration and further review, the Court finds that the proposed amendment, even if permitted, would not have addressed the deficiencies of the complaint pointed out by defendants and would not have altered this Court's analysis on summary judgment. Plaintiff's proposed amended complaint sought to add many of the same claims and parties that the Court had previously dismissed as a matter of law.[2] Moreover, the proposed amendments sought to add

---

[1] See *Gresh v. Waste Servs. Of Am., Inc.*, 189 F. App'x 359, 361 (6th Cir. 2006) (district court committed error when it considered the propriety of summary judgment by evaluating plaintiff's complaint in the absence of having first decided whether to permit him to file amended complaint that would have clarified plaintiff's legal theories and added factual allegations based on evidence uncovered during discovery). Here, even a cursory review of plaintiff's proposed amended complaint reveals that it neither clarifies his legal theories, nor, as discussed *infra*, does it add any factual allegations that could defeat the arguments raised by defendants' motion for summary judgment. Indeed, the proposed amended complaint is virtually the same as Hicks' original complaint that the Court in large part dismissed.

[2] Hick's motion to amend sought leave to add as parties that the Court previously dismissed, including several

6

new defendants and factual allegations not relevant to the question of whether *Heck* barred plaintiff's excessive force claim against Eberhart and Davis. Hicks did not propose any amendment, for instance, alleging that his state court conviction had been overturned or that the officers' use of force occurred independently of his arrest and his resistance thereto. Further, Hicks did not seek to add any federal claims against these defendants that would not be barred by *Heck*. Hicks sought to add § 1983 claims that he was deprived of a fair trial, that he was subjected to an unlawful arrest, and that Eberhart and Davis's arrest of him was retaliatory. Each of these claims, however, would undoubtedly call into question the validity of Hicks's resisting arrest conviction and therefore are not cognizable in a § 1983 action.[3] *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

---

Barberton city departments that are not *sui juris* and police chief Vincent Morber and officer Stacy Colgan without any factual basis. (Doc. No. 9.) Further, Hicks sought leave to reassert verbatim several previously dismissed claims, including a time-barred challenge to his 2006 conviction, allegations of deliberate indifference absent any alleged denial of medical care, a factually unsupported discrimination claim, vague and conclusory conspiracy allegations, and a *Monell* claim absent any allegation of an unconstitutional policy. (Doc. No. 9.) Again, these "new" parties and factual allegations were virtually indistinguishable from the assertions made in the original complaint, which the Court dismissed.

[3] In addition, Hicks' other proposed amendments would have been equally futile. Hicks asked to join his mother Dorothy Hicks as a party plaintiff, but she did not sign the proposed amended complaint and Hicks is not authorized to prosecute this action on her behalf. *See Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."). Further, Hicks sought to add as parties Barberton's law director, absent any allegations in support of a claim against her, and to add as parties the Barberton prosecutors who prosecuted him and the state court judge who presided over his trial, each of whom is entitled to absolute immunity in connection with the performance of his or her official duties. *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Hicks also sought leave to include several common law tort claims that would have been barred by the applicable one-year state statute of limitations. See Ohio Rev. Code § 2305.11(A) (one year statute of limitations for libel, slander, malicious prosecution, or false imprisonment claims); Ohio Rev. Code § 2305.11(B) (one year limitations period applicable to assault or battery claims). Moreover, he moved to assert a claim for gross negligence, which cannot be an independent cause of action when claiming excessive force under § 1983, *Bletz v. Gribble,* 641 F.3d 743, 756 (6th Cir. 2011), and a claimed invasion of privacy without pleading any element of any recognized privacy tort, nor facts in support. Finally, Hicks moved to add a claimed violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*., but did not include any factual allegations to support such a claim. Upon consideration and review and for the foregoing reasons, the Court concludes that each of these proposed amendments would be futile.

Next, Hicks claims that defendants offered newly discovered evidence in support of their motion for summary judgment. He objects that certain material he was required to disclose to defendants was not included as attachments to defendants' motion. Specifically, he points to a Barberton Police Department call log from the night he was arrested, claiming that this is "new material evidence that contradicts or disputes" the officers' accounts of his arrest. (Doc. No. 30 at 775; Doc. No. 30-2.) Hicks never claims, however, that, with reasonable diligence, this evidence could not have been discovered prior to the summary judgment response deadline. In fact, Hicks admits in his Rule 60 motion that the call log was made publicly available, that he obtained the call log pursuant to a public records request, and that, in turn, he provided the call log to defendants during discovery. (Doc. No. 30 at 778.) Thus, Hicks has not established he has discovered any "new" evidence, warranting relief from the Court's summary judgment order under Rule 60(b)(2). *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (movants failed to show that publicly available evidence could not have been obtained with due diligence prior to entry of order dismissing their claims).

Hicks also argues he is entitled to relief from the Court's summary judgment order under Rule 60(b)(3). "Rule 60(b)(3) clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question[.]'" *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (citation omitted). The Sixth Circuit holds that fraud under Rule 60(b)(3) refers to an opposing party's "knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* at 456. "Fraud thus includes deliberate omissions when a response is required by law or when the non-

8

moving party has volunteered information that would be misleading without the omitted material." *Id.* (internal quotation marks and citations omitted). *Id.* at 456. The burden of proof on a motion pursuant to Rule 60(b)(3) is clear and convincing evidence. *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co., Inc.*, No. 09-1610, 2012 WL 154973, at * 9 (6th Cir. May 2, 2012).

Hicks asserts that defendants have repeatedly misrepresented the facts in this case and have deliberately omitted material evidence in their filings with the Court. He further claims that defendants have offered "manufactured" evidence that was "purposely withheld" from plaintiff during his state court criminal trial proceedings. (Doc. No. 30 at 775-76.) Specifically, he contends that defendants should have submitted with their motion for summary judgment the following: the photographs of Hicks's dog bite wounds, the complete trial testimony of the officers who testified at his criminal trial, the official use of force, canine, and duty reports, and the aforementioned call logs. Further, Hicks points to several facts and arguments that defendant's "failed to mention."

Yet, plaintiff has not demonstrated that any of defendants' alleged conduct during *these* proceedings was done to induce Hicks to act to his detriment. Nor has he shown that any of the evidence he claims should have been presented on summary judgment was withheld from him during these proceedings or that it was even material to the issues presented. In fact, Hicks admits that he had access to all of the same evidence that defendants did; he merely disagrees with defendants' presentation thereof. In essence, plaintiff seeks a second opportunity, via his Rule 60(b) motion, to present his case after inexcusably failing to respond to defendants' motion for summary judgment. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or

proof." *Jinks,* 250 F.3d at 385. Even if the record does support the conclusion that Hicks's excessive force claim was not barred by the rule in *Heck v. Humphrey*, it was Hicks's obligation to timely present the evidence to this Court in a way that would enable the court to readily draw such a conclusion. *See Dobrowiak v. Convenient Family Dentistry, Inc.*, 315 F. App'x 580, 585-86 (6th Cir. 2009). Accordingly, the Court concludes that plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b)(3).

### C. Rule 60(d)(3)

Hicks also seeks relief from judgment pursuant to Rule 60(d)(3), claiming that defendants have perpetrated a fraud on the Court. "To establish fraud on the court, [Hicks] [is] required to show conduct (1) by an officer of the court; (2) directed to the 'judicial machinery' itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court." *Maloof v. Level Propane, Inc.*, 429 F. App'x 462, 467 (6th Cir. 2011) (citing *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993)). Plaintiff's allegations of fraud, however, point to alleged fraud on *the state courts* during the criminal proceedings on Hicks's resisting arrest charges. Hicks claims the state prosecutor withheld exculpatory evidence, but never states that he did not receive this evidence through discovery in this civil case. Accordingly, Hicks has not shown that defendants engaged in conduct directed toward deceiving *this* Court and therefore, his request for relief pursuant to Rule 60(d)(3) is denied.[4]

### D. Motion for Extension of Time to File a Notice of Appeal

---

[4] Moreover, the Court notes that none of Hicks's allegations of prosecutorial and judicial misconduct during the state court proceedings would undermine the essential elements of this Court's judgment. Hicks has not shown that his conviction for resisting arrest has been vacated, set aside, or otherwise invalidated on these grounds. As the Court concluded in its order, until he does, *Heck* bars his claims of excessive force during his arrest.

Lastly, Hicks moves for an extension of time in which to file a notice of appeal. Under Rule 4(a), "notice of an appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a). Plaintiff did not file a notice of appeal within the prescribed time. However, under Rule 4(a)(4)(A)(vi), when a party timely files a motion under Fed. R. Civ. P. 60, as Hicks has done in this case,[5] "the time to file an appeal runs . . . from the entry of the order disposing of [the motion]." Fed. R. App. P. 4(a)(4)(A). Accordingly, the time for filing a notice of appeal will not run in this case until 30 days after the date this ruling is filed, and the motion for an extension of time to file a notice of appeal is therefore denied as moot.

### III.  CONCLUSION

Therefore, although the Court shall issue an amended Memorandum of Opinion and Order and Judgment Entry to correct the typographical errors discussed above in Section II.A., the remainder of plaintiff's motion for relief from judgment is **DENIED** and his motion for an extension of time to file a notice of appeal is **DENIED as moot**. Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 15, 2012

                                                        **HONORABLE SARA LIOI**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[5] The Court entered judgment in favor of defendants on March 8, 2012. A Rule 60 motion tolls the time for filing a notice of appeal so long as it is filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(vi). Here, plaintiff filed his Rule 60 motion for relief from judgment on April 5, 2012, which is exactly 28 days after the entry of judgment. Thus, plaintiff's motion was timely for purposes of extending the deadline under Fed. R. App. 4(a)(4)(A)(vi).